UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KIMBERLY YORK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV415-227 |
| | ) | |
| CAROLYN COLVIN, | ) | |
| *Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Proceeding *pro se*, Kimberly York filed a generic form Complaint against the Social Security Administration ("SSA")[1] "to have my case reopened or settled with a favorable response." Doc. 1 at 5. She also moved for leave to proceed *in forma pauperis* (IFP). Doc. 2. Finding her indigent, the Court granted her IFP motion but noted that her case failed on jurisdictional grounds:

> Construing her Complaint liberally, York is bringing a social security appeal. She alleges that the lawyer she hired bungled her social security disability claim and she now has more evidence to submit. Doc. 1 at 3-5. But she fails to plead whether and when the SSA issued a *final*, adverse ruling. That's important because Congress enacted 42 U.S.C. §

---

[1] York named only the "Social Security Administration" (SSA) as the defendant in this case. Doc. 1 at 1. The Commissioner of Social Security is the proper defendant. *See* 42 U.S.C. § 405(g). The Court therefore changed the above caption.

405(g) as the sole jurisdictional basis for judicial review in Social Security matters. 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1103-05 (11th Cir. 1998); *Rose v. Colvin*, 2014 WL 5034608 at * 2 (S.D. Ga. Oct. 8, 2014). York [thus had to] plead that she exhausted SSA administrative remedies, but [also] that she timely sought judicial review within 60 days of "a *final* decision of the Commissioner of Social Security made after a hearing to which [plaintiff] was a party. . . ." 42 U.S.C. § 405(g) (emphasis added).

Doc. 3 at 2 (footnotes omitted).[2]

Because York failed to meet those pleading requirements the Court invited her to amend her Complaint. When she failed, it recommended

---

[2] Compliance with the 60-day deadline is a critical pleading requirement:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at * 3 (E.D. Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at * 2–3 (E.D. Cal. 2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012), quoted in *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013).

dismissal. Doc. 4. In her Fed. R. Civ. P. 72(b)(2) Objection, she provides no explanation for failing to respond to that Order. But she insists that: "I Kimberly York have exhausted the administrative appeals process, my last denial of disability claim was October 2, 2014. [¶] November 6, 2014, my appeal was filed by attorney [Laura D.] Sprague (Savannah GA). [¶] I am asking the court for a reversal of [the SSA's] decision." Doc. 6 at 2.

Though plaintiff fails to cite to it, at the end of her Complaint's exhibits is a July 14, 2015 letter showing that the SSA's Appeals Council denied her administrative review request yet granted her 30 *additional* days, from the date she received that letter, to file this case:

> On December 14, 2014, the Appeals Council denied a request for review of the Administrative Law Judge's decision. The Appeals Council has now received your second request for more time to file a civil action (ask for court review).
>
> **We Are Giving You More Time to File a Civil Action**
>
> The Appeals Council now extends the time within which you/the claimant may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the [July 14, 2015] date on it unless you show us that you did not receive it within the 5-day period.

Doc. 1-1 at 31. She filed this case on August 20, 2015. Doc. 1.

"[T]he Appeals Council ha[d] the authority to extend the sixty-day time limit for filing suit 'upon a showing of good cause[,]' 20 C.F.R. § 422.210(c)," *Stone v. Heckler*, 778 F.2d 645, 646 (11th Cir. 1985), which it evidently found. Yet, York is still too late:

> The date of receipt [of the SSA's adverse decision] is presumed to be five days after the date of the notice, unless there is a reasonable showing to the contrary. 20 C.F.R. § 422.210(c). "The 60-day time limit is strictly enforced and claims filed even one day beyond the deadline have been dismissed as untimely." *Madry v. Colvin*, No. 8:13-cv-312-T-23-DNF, 2013 WL 5408088, at *3 (M.D. Fla. Sept. 25, 2013) (internal quotations omitted).

*Johnson v. Colvin*, 2016 WL 154099 at * 2 (M.D. Ala. Jan. 12, 2016); *see also id.* ("As a result, Johnson had sixty-five days from June 8, 2015 -- or until August 12, 2015 -- to file the instant action. Because Johnson did not file his complaint until August 14, 2015, his claims are untimely and must be dismissed."). Here, York had (per the Appeals Council's special extension) 35 days from July 14, 2015 -- or until August 19, 2015 -- to file the instant action. Because York did not file her Complaint until August 20, 2015, her claims are untimely and must be dismissed. *Id.*; *see also Madry*, 2013 WL 5408088 at * 4 (dismissal on untimeliness grounds: "From November 27, 2012 to January 31, 2013 is 65 days, but the Plaintiff filed his Complaint (Doc. 1) on February 1, 2013 which is 66

days after the Appeals Councils Notice. Therefore, the Plaintiff did not file his Complaint within the 60 plus 5 day mailing time period, failed to request an extension of time, and failed to present any arguments as to equitable tolling.").

York is free to raise equitable tolling in her Rule 72(b)(2) Objection but it appears unlikely she will succeed. *Christides v. Comm'r of Soc. Sec.*, 478 F. Appx'. 581, 583-84 (11th Cir. 2012) ("A claimant seeking equitable tolling of section 405(g)'s statute of limitations must demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment. It is well-established that equitable tolling is an extraordinary remedy which should be extended only sparingly. Thus, a conclusion that equitable tolling is warranted under section 405(g) is reserved for extraordinary facts.") (quotes, alterations and cites omitted), cited in *Johnson*, 2016 WL 154099 at * 2.³

---

³ As explained elsewhere:

"[e]quitable tolling is only warranted where 'litigants are unable to file timely documents as a result of external circumstances beyond their direct control.'" *Lazerson v. Colvin*, No. 4:13-cv-02832-YGR, 2014 WL 967048, at *6 (N.D. Cal. Mar. 6, 2014) (quoting *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013)). But "[t]olling is not warranted merely 'to avoid the consequences of [a p]laintiff's negligence or that of [his or her] counsel." *Id.* (quoting *Vitt v. Astrue*, No. C 06-7184 CW, 2008 WL 425936, at *5 (N.D. Cal. Feb. 14, 2008)); see *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles

The Court therefore affirms its prior Report and Recommendation (doc. 4) and advises that her case be **DISMISSED**.

**SO REPORTED AND RECOMMENDED,** this __8th__ day of February, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

of equitable tolling...do not extend to what is at best a garden variety claim of excusable neglect."). For example, in *Bowen v. City of New York*, the Supreme Court applied equitable tolling where "the Government's secretive conduct" prevented the plaintiffs from filing. 476 U.S. at 481. Likewise, in *Vernon v. Heckler*, the Ninth Circuit reasoned that equitable tolling was appropriate where the plaintiff had allegedly been told by an employee of the Social Security Administration that the deadline would be extended when it in fact was not. 811 F.2d at 1278.

*Haseeb v. Colvin*, 2015 WL 9258086 at *4 (N.D. Cal. Dec, 18, 2015).